**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

BLACKWELL PUBLISHING, INC.,
ELSEVIER, INC.,
PRESIDENT AND FELLOWS OF HARVARD COLLEGE,
PEARSON EDUCATION, INC.,
SAGE PUBLICATIONS, INC.,
and
JOHN WILEY & SONS, INC.,

    Plaintiffs,

v.                                  CASE NO.: 1:06cv24-SPM/AK

CUSTOM COPIES, INC.
and
KENNETH F. ROBERTS,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS**

       This cause comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (doc. 6). Specifically, Defendants contend that (i) Plaintiffs have failed to allege that Defendant Custom Copies, Inc. ("Custom Copies") has directly infringed upon Plaintiffs' copyrights and (ii) Plaintiffs have failed to allege that Defendant Kenneth F. Roberts ("Roberts") participated in, had actual or constructive knowledge of, or made material contributions to the alleged copyright infringement by Custom Copies.

**I. Analysis**

A motion to dismiss for failure to state a claim shall only be granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the Court must accept all facts alleged in the complaint as true and interpret them in a light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994).

### A. Plaintiffs have stated a valid claim against Custom Copies.

Defendants argue that Plaintiffs have failed to allege that Custom Copies directly infringed upon any of Plaintiffs' copyrights. On Page 3 of their Motion to Dismiss, Defendants state that "Plaintiffs' allegations are that Orange & Blue, not Custom Copies and not Mr. Roberts, is the direct infringer." Thus, Defendants argue, because Plaintiffs have failed to bring a claim against a party for direct infringement, contributory infringement cannot be shown. While Defendants are correct that proof of direct infringement is a necessary precondition to establishing both contributory and vicarious liability, see Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 845 (11th Cir. 1990), their statement that Plaintiffs have failed to allege that Custom Copies directly infringed upon any of Plaintiffs' copyrights is entirely inconsistent with the Complaint. In fact, Plaintiffs, throughout the Complaint, have accused Custom Copies of *only* direct infringement, and not any form of contributory or vicarious

infringement.[1]

To the extent Defendants argue that Plaintiffs have made no allegations which state a claim for relief because Custom Copies did not distribute any of the copyrighted materials at issue, this argument is without merit. The Copyright Act of 1976 grants certain exclusive rights to copyright owners, 17 U.S.C. § 106, and anyone who violates any of these exclusive rights is an infringer of the copyright. 17 U.S.C. § 501(a). Among these rights belonging exclusively to the copyright holder is the right to reproduce the copyrighted work in copies. 17 U.S.C. § 106(1). Thus, even if Defendants are correct that Custom Copies was not at all involved in the distribution of these course packets,[2] Custom Copies may still be liable for direct infringement if it has engaged in the reproduction of any of the copyrighted materials. Plaintiffs make such an allegation in Paragraph 34 of the Complaint by charging Custom Copies with "engag[ing] in routine and systematic reproduction of materials from [P]laintiffs' publications," and by asserting that all of the coursepacks at issue state on their cover sheets that they were "produced by Custom Copies." Thus, Plaintiffs have sufficiently alleged that Custom Copies has

---

[1] Plaintiffs have explicitly stated that Custom Copies is liable for direct infringement in Paragraphs 37, 42, 45, 48, 51, 54, 57, 60, 63, 65, 68, 71, 74, 77, 80, 83, 86, 89, 92, 95, and 98 of the Complaint.

[2] In their Memorandum in Opposition to Defendants' Motion to Dismiss, Plaintiffs have stated that "upon further review of the evidence . . . three of the seven coursepacks listed on Schedule A to the Complaint were not only produced by Custom Copies, but appear to have been distributed directly by Custom Copies." It is unnecessary for the Court to consider these allegations because the Court finds that Plaintiffs have stated a valid claim for copyright infringement based simply on the reproduction of Plaintiffs' copyrighted materials by Custom Copies. Plaintiffs have stated their intention to move to amend their Complaint so as to include allegations of distribution of the copyrighted materials by Custom Copies.

directly infringed upon their copyrights.

### B. Plaintiffs have stated a valid claim against Roberts.

Defendants argue that Plaintiffs have failed to allege that Roberts directly participated in the alleged copyright infringement. Further, Defendants argue that because Plaintiffs have failed to allege that Roberts had actual or constructive knowledge of the alleged copyright infringement or that Roberts materially contributed to the alleged copyright infringement, Plaintiffs have failed to state a claim for contributory infringement.[3] Thus, Defendants contend, the complaint as to Roberts must be dismissed.

Defendants' arguments overlook the fact that Plaintiffs have clearly made out a claim for vicarious infringement against Roberts. One may be liable for vicarious copyright infringement if he or she has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities. Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). In Paragraph 38 of the Complaint, Plaintiffs allege that Roberts "is responsible, in whole or in part, for establishing the policies and procedures that have led to Custom Copies' unauthorized copying of [P]laintiffs' books and journals," and at all times relevant "has been in a position to control the infringement . . . and has had a direct financial stake in the infringing activity." Further, in Paragraph 9 of the Complaint, Plaintiffs allege that Roberts is the President and owner of Custom Copies, and that he is "personally

---

[3]One may be liable for contributory copyright infringement if he or she, "with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." Casella v. Morris, 820 F.2d 362, 365 (11th Cir. 1987) (quoting Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)).

involved" in the infringing activity.  Such allegations are sufficient to maintain a claim of vicarious infringement against Roberts.[4]

As a final matter, Defendants state in their Motion to Dismiss that even if Plaintiffs' allegations are true, Roberts is not liable for copyright infringement because any alleged infringement occurred without his knowledge and was contrary to the policies and procedures of Custom Copies and Orange & Blue.  Such defenses play no part in determining whether or not Plaintiffs have stated a valid claim, and thus are irrelevant at this time.  See Digiro v. Pall Aeropower Corp., 19 F. Supp. 2d 1304, 1306 (M.D. Fla. 1998) ("In deciding a motion to dismiss, the court can only examine the four (4) corners of the complaint").

## II. Conclusion

A review of Plaintiffs' Complaint shows that Plaintiffs have stated a valid claim against both Custom Copies and Roberts.  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (doc. 6) is denied.

DONE AND ORDERED this 30th day of May, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

---

[4] It is less clear whether Plaintiffs have stated a valid claim for direct or contributory infringement against Roberts in the Complaint.  The allegations in the Complaint as to these theories are conclusory, and it appears from Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss that Plaintiffs may have abandoned these alternate theories of liability.  If Plaintiffs do not intend to abandon these claims, they should move to amend their Complaint and provide a factual basis for their allegations.